IN THE DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY
(Civil Division)

YVONNE R. ALSTON )
10012 Cedarhollow Lane )
Largo, MD 20774 )
)
)
Plaintiff, )
)
v. )           CIVIL ACTION NO. _____
)
CENTRAL CREDIT SERVICES INC )
9550 Regency Square Boulevard #602 )
Jacksonville, FL )
)
Serve:  The Corporation Trust Incorporated )
351 West Camden Street )
Baltimore, MD 21201 )
)
Defendant. )

## COMPLAINT

COMES NOW the Plaintiff, Yvonne R. Alston, (hereafter the "Plaintiff") and for her complaint against the Defendant Central Credit Services, Llc. ("CCS") and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Miscellaneous Consumer Protection Provisions, Md. Code §14-1201 *et seq.* (MCPP).

### PARTIES

2. The plaintiff is a natural person and resides in Largo, Maryland. She is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c), the FDCPA, 15 U.S.C. §1692a(3) and MCPP, Md. Code §14-1201(c).

1

3. Defendant CCS is a Florida corporation and is a "person" within the meaning of the FCRA, 15 U.S.C. §1681a(b) and the MCPP, Md. Code §14-1201(j).

4. Defendant CCS advertises on its website that it is "a full-service accounts receivable management firm" that addresses its "collection associates' needs."

5. Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6). Defendants moreover use one or more instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debt.

6. Defendant regularly tells consumers in correspondences that "this is an attempt to collect a debt and any information will be used for that purpose" and/or that the communication is from a debt collector.

7. Defendants regularly attempt to provide the verification of debts required by the FDCPA, at 15 U.S.C. § 1692g(b), upon written request from consumers.

## FACTS

8. On July 22, 2011 CCS obtained Ms. Alston's credit report from Experian without a permissible purpose.

9. The July 22, 2011 credit pull was a "hard" pull that reduced Ms. Alston's credit score.

10. In correspondence dated July 25, 2011, CCS falsely represented that Ms. Alston had a debt with RBS Card Services in the amount of $15,656.37 and that CCS had authority to collect the debt.

11. Ms. Alston is not a holder of a debt owed to CCS or to RBS Card Services.

## COUNT ONE: VIOLATIONS OF FCRA

12. Plaintiff realleges and incorporates paragraphs 1 through 11 above as if fully set out herein.

13. Defendant CCS violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by U.S.C. §1681b(a).

14. As a result of conduct, actions and inactions of CCS, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: credit repair costs, loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

15. CCS's conduct, actions and inactions were willful, rendering CCS liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, CCS was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

16. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from CCS in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT TWO: VIOLATIONS OF MCPP

17. Plaintiff realleges and incorporates paragraphs 1 through 16 above as if fully set out herein.

18. Defendant CCS violated Md. Code §14-1202(a) by obtaining Plaintiff's consumer report without a permissible purpose.

19. As a result of conduct, actions and inactions of CCS, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff:

credit repair costs, loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

20. CCS's conduct, actions and inactions were willful, rendering CCS liable for punitive damages in an amount to be determined by the Court pursuant to Md. Code §14-1213(a). In the alternative, CCS was negligent, entitling the Plaintiff to recover under Md. Code §14-1213(b).

21. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from CCS in an amount to be determined by the Court pursuant to Md. Code §14-1213(a) and §14-1213(b).

## COUNT ONE: VIOLATIONS OF FDCPA

22. Plaintiff realleges and incorporates paragraphs 1 through 21 above as if fully set out herein.

23. Defendant CCS violated 15 U.S.C. §1692e in one or more of the following ways, without limitation by:

    a. Falsely representing the Plaintiff had a debt with RBS Card Services in violation of 15 U.S.C.§1692e(10);

    b. Falsely representing the Defendant had authority to collect a debt owed by the Plaintiff in violation of 15 U.S.C. §1692e(10);

    c. Falsely representing the Plaintiff was in default on the debt in violation of 15 U.S.C. §1692e(2)(A); and

    d. Falsely representing the Plaintiff owed $15,656.37 in violation of 15 U.S.C. §1692e(2)(A);

24. As a result of the conduct and actions of the Defendant, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: out-of-pocket expenses, frustration, upset, anger, humiliation and severe emotional and mental distress.

25. Defendant's conduct was the proximate cause of Plaintiff's injuries, rendering Defendant liable for actual damages in an amount to be determined by the court pursuant to 15 U.S.C. §1692k(a)(1), statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A), and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3).

WHEREFORE, your Plaintiff demands judgment for actual and punitive damages against Central Credit Services, Inc.; for her attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief as the Court deems just, equitable and proper.

YVONNE R. ALSTON

By *Yvonne R. Alston*

Yvonne R. Alston
10012 Cedarhollow Lane
Largo, MD 20774
(240) 432-0927